## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

        Plaintiff,

                                     Case No. 23 CV 01059 GBW/KRS

    vs.

NEW MEXICO STATE UNIVERSITY, *et. al.*,

        Defendants.

## UNOPPOSED MOTION FOR LEAVE TO PROCEED WITH PSUEDONYM AND TO FILE ANNOTATED COMPLAINT UNDER SEAL

Plaintiff Jane Doe, through her attorneys, Paul Linnenburger of Lane + Linnenburger + Lane LLP, Meredith Baker of the Law Office of Meredith Baker, LLC, and Johnn Osborn of the Law Office of Johnn SL Osborn PC, hereby submits this request to proceed under pseudonym and to file an annotated First Amended Complaint under seal, including the Plaintiff's full name. In support thereof, Plaintiff states as follows:

### Introduction and Background

Plaintiff attended New Mexico State University as a student and, at times, as an employee thereof. (Doc. 1-1, ¶¶ 75, 80-81). Plaintiff studied kinesiology and an influential faculty member within that department was Joseph Berning. (Doc. 1-1, ¶¶ 29-38, 72). Berning acted as Plaintiff's professor, mentor, trainer, and supervisor at various times as part of his role as a faculty member of NMSU. (Doc. 1-1, ¶¶ 75-81, 90, 95-98). The First Amended Complaint alleges that, during and in relation to these roles, Berning psychologically, physically and sexually abused Plaintiff, including forceful rape. The First Amended Complaint further alleges that Berning's partner, Defendant Carole Carson, facilitated and engaged in the abuse of Plaintiff, including coerced

sexual activity with both Berning and Carson. The First Amended Complaint also alleges that Berning "coerced, threatened, manipulated and otherwise caused duress to Plaintiff… including through separating her from friends and family and making her entirely dependent on he and Carson for employment, shelter and basic necessities." (Doc. 1-1, ¶ 112).

Plaintiff alleges claims for battery, constitutional violations and violations of New Mexico statutes arising out of this psychological, physical and sexual abuse. As is often the case for survivors of such abuse, Plaintiff filed her initial action in the State Courts of New Mexico utilizing a pseudonym, Jane Doe, due to the extremely sensitive nature of the matter and the potential for additional harm. In her First Amended Complaint, Plaintiff sets forth that Berning "coerced, threatened, manipulated and otherwise caused duress to Plaintiff… including through separating her from friends and family and making her entirely dependent on he and Carson for employment, shelter and basic necessities." (Doc. 1-1, ¶ 112). In other words, although Plaintiff is forced to proceed in this action as there is no other adequate remedy available, this cause of action is uniquely private and personal.

### Procedural History

This Complaint was originally filed in State District Court, in the Third Judicial District for the State of New Mexico. Plaintiff also filed a motion to proceed by pseudonym in the state court prior to this matter being removed on November 28, 2023, this matter was removed to the United States District Court for the District of New Mexico by Defendant New Mexico State University Board of Regents. (Doc. 1). Prior to removal, all defendants were notified and/or specifically aware of Plaintiff's identity. Following removal, undersigned counsel confirmed with counsel for the NMSU Defendants and Defendants Berning and Carson concerning Plaintiff's request to proceed via pseudonym. Counsel for all defendants indicated no opposition thereto.

Accordingly, this Unopposed Motion is filed at this juncture.

<b>Argument</b>

Plaintiff submits this Court should permit her to utilize the pseudonym "Jane Doe" at this juncture because the allegations of psychological, physical and sexual abuse occurred while Plaintiff was young, and the details involve discussions of deeply personal psychological issues and sexual activity. Under these circumstances, both the public interest and Plaintiff's privacy interests weigh in favor of public anonymity at this time.

Although in general terms Fed. R. Civ. P. 10 suggests a plaintiff prosecute claims under their name, the use of a pseudonym is warranted in the existence of exceptional circumstances. *Doe v. Eastern New Mexico University Bd. of Regents*, No. 23-cv-0362-GBW-JHR, 2024 WL 36060, at * 3 (D.N.M. Jan. 3, 2024) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)); *Doe v. Sisters of Saint Francis of Colorado Springs*, Nos. 20-cv-00907-WJ-LF, 20-cv-00908-WJ-LF, 20-cv-00909-WJ-LF, 2021 WL 664006, at * 2 (D.N.M. Feb. 19, 2021) (Johnson, C.J.); *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 466 (E.D. Penn. 1997) (noting that the "overwhelming majority of jurisdictions to consider this question have determined that parties may proceed in pseudonym under particular circumstances," and that "nothing in the [Federal Rules of Civil Procedure] or the Advisory Committee Notes to the Rules indicates that the drafters were attempting to promulgate a rule that neither a civil defendant nor civil plaintiff ever could proceed in pseudonym."). Such exceptional circumstances exist in cases involving "matters of highly sensitive and personal nature," *id.*, "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. ENMU*, 2024 WL 36060, at * 3. The Tenth Circuit has noted that a "plaintiff seeking to proceed under a pseudonym must typically show that disclosure of his identity in the public record would reveal highly sensitive and personal

3

information that would result in a social stigma or the threat of real and imminent physical harm."
*Raiser v. Brigham Young University*, 127 F. Appx 409, 411 (10th Cir. 2005) (unreported) (citing
*Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

In determining to permit a plaintiff to proceed through a pseudonym, the Court should
weigh the plaintiff's privacy interests against the public interest, including the public interest in
open proceedings. *Sisters of Saint Francis*, 2021 WL 664006, at *2. Such a weighing here strongly
supports Plaintiff's request to proceed as "Jane Doe."

A.   Unique Privacy Interests Associated with Allegations of Sexual Abuse

There can be no doubt that allegations of sexual abuse by persons in positions of trust and
authority are highly sensitive and personal matters. *See ENMU*, 2024 WL 36060, at *3. In *Doe v.
Diocese Corp.*, 647 A.2d 1067 (Conn. 1994), the Connecticut Supreme Court noted:

> One's sexual history and practices are among the most intimate aspects of
> a person's life. When one has a sexual history falling outside the realm of
> the "conventional," that privacy interest is enhanced greatly, whether one
> has created that history voluntarily or it is forced upon a person as a result
> of abuse.

*Id.* at 1072.

The Court further explained that:

> A party should not have to lose the right to protect his or her privacy interest
> because that party has used the courts to secure the only relief—monetary
> damages—that might be appropriate or available. This is especially so when
> the claimed injury is not related to economic loss but involves claims of
> personal and psychological suffering that has occurred in the past and is not
> amenable to injunctive or other equitable relief.

*Id.* Here, Plaintiff has no other means of obtaining relief as to the allegations of significant
misconduct directed at her as a vulnerable young student.

As a result, numerous cases in this District, Circuit, and state, as well as elsewhere have

permitted plaintiffs to proceed under pseudonym for that reason. For example, in *Doe v. Boulder Valley School District No. RE-2*, 2011 WL 3820781 (D. Colo., Aug. 30, 2011), the U.S. District Court for the District of Colorado allowed three victims of sexual abuse to proceed using pseudonyms and observed that "allegations of sexual misconduct and unlawful sexual contact involve intensely personal issues," and the "possible injury to the plaintiffs rises far above the level of mere embarrassment or harm to reputation" and "may exacerbate the distress and emotional hardship" already suffered. *Id.* at *2. Moreover, it is common in the United States District Court for the District of New Mexico for plaintiffs to be permitted to proceed without being publicly identified on court filings in cases involving similar allegations. *See e.g., K.S. v. Santa Fe Public Schools, et. al.*, No. 1:14-cv-00385-SCY-LF; *Doe et. al. v. Espanola Public Schools, et. al.*, No. 1:17-cv-00917-KK-LF; *Doe v. The Espanola Public Schools*, *et. al.*, No. 1:20-cv-00546-GBW-JFR; *Doe v. Santa Fe Public Schools*, 1:23-cv-01025-GBW-JFR.

State courts in New Mexico also regularly permit plaintiffs to proceed using pseudonyms in similar cases. *See generally Jane Doe v. Victor Villarreal et al*., State of New Mexico First Judicial District Court Case No. D-101-CV-2017-01017; *Doe v. Archdiocese of Santa Fe,* State of New Mexico Second Judicial District Court Case Nos. D-202-CV-2016-01289; D-202-CV-2016-02939; D-202-CV-2016-4803; D-202-CV-2016-7012; D-202-CV-2016-7016; D-202-CV-2017-0492; D-202-CV-2017-02954; D-202-CV-2014-05430; *Does I through III v. Roman Catholic Church of the Arch Diocese of Santa Fe, Inc.*, 1996-NMCA-094, 122 N.M. 307, 924 P.2d 273 (opinion does not discuss use of pseudonyms).

This practice extends to adult plaintiffs, including plaintiffs more advanced in age than the Plaintiff here. *Sisters of St. Francis*, 2021 WL 664006 (addressing plaintiffs in their 50's and 60's). As in *Sisters of St. Francis*, "despite the passage of time," the claims here require Plaintiff to

5

disclose facts surrounding alleged sexual acts she was coerced into performing or being subject to during her early "adulthood", events which Plaintiff's complaint sets forth remain with Plaintiff through psychological and emotional damage. *Id.*

Furthermore, just as in *Sisters of St. Francis*, the claims in this case and proof of damages related thereto will necessitate Plaintiff disclosing additional sensitive issues, such as sexual dysfunctions and issues with sexual self-concept (the ideas, thoughts, and feelings Plaintiff has about herself as a sexual person) arising from the alleged abuse. This lawsuit will most likely contain highly sensitive disclosures at all stages, and thus Plaintiff's privacy interest is significant. *Sisters of St. Francis*, 2021 WL 664006, at 3.

In this manner, the nature of these claims and the associated limitations for plaintiffs seeking relief therefor carry extraordinary privacy concerns not present in other litigation:

> One's sexual history and practices are among the most intimate aspects of a person's life. When one has a sexual history falling outside the realm of the "conventional," that privacy interest is enhanced greatly, whether one has created that history voluntarily or it is forced upon a person as a result of abuse….
>
> A party should not have to lose the right to protect his or her privacy interest because that party has used the courts to secure the only relief—monetary damages—that might be appropriate or available. This is especially so when the claimed injury is not related to economic loss but involves claims of personal and psychological suffering that has occurred in the past and is not amenable to injunctive or other equitable relief.

*Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994).

The privacy interests of Plaintiff are extreme and this weighs heavily in favor of permitting Plaintiff to remain anonymous to the general public.

B.      Risks of Incurring Injury Sought to Redress Supports Public Anonymity

An additional exceptional circumstance for use of a pseudonym may exist where the injury litigated against would result from disclosing a plaintiff's identity. *ENMU*, 2024 WL 36060, at *4

(citing *Femedeer*, 227 F.3d at 1246). There is a strong public policy promoting leave to proceed in cases of this nature under pseudonym because protecting the privacy of victims of such abuse encourages others to report criminal abuse and avoids the risk of exacerbating the psychological harm suffered by victims. *Id.* (quoting *Doe v. Farmington Mun. Sch.*, No. 21-cv-1030-SCY-KK, 2021 WL 1390777 (D.N.M. Apr. 13, 2021). Based on recent reporting and court records, it appears abusive conduct and sexual misconduct are an ongoing issue within institutions of higher education in New Mexico, as well as across the nation (as evidenced by legal action surrounding extensive sexual misconduct within the Michigan State University, the University of Michigan, and the University of California systems). This highlights the importance of protecting Plaintiff's privacy interests lest this Court risk providing disincentive to victims to come forward. *See UNMU*, 2024 WL 36060, at *3 (noting "public interest in allowing [survivors] to disclose sexual abuse without fear of reprisal also favors anonymity.").

>        D.        Consideration of Public Interest Supports Plaintiff's Requested Use Pseudonym

Plaintiff acknowledges a public interest in open proceedings, but submits that here, an appropriate openness is still achieved if she proceeds in this matter as "Jane Doe." As noted previously, it is important to encourage survivors to come forward by protecting their privacy. Moreover, Plaintiff notes Defendants were provided her identity and Plaintiff will participate in the discovery process fully. Defendants therefore may continue to investigate and defend against the claims unencumbered. Further, Defendants Berning and Carson are no longer educators at New Mexico State University, nor, upon information and belief, residents of Las Cruces or New Mexico. The Plaintiff, however, remains a resident of New Mexico.

Under the circumstances, as Magistrate Judge Jerry H. Ritter noted in *ENMU*, "pseudonymity is the least imposition on the public's ability to view the case while accounting for

Plaintiff['s] privacy." *ENMU*, 2021 WL 36060, at *5. A balance of the factors supports Plaintiff proceeding under the pseudonym "Jane Doe" during pretrial proceedings.

### Request to File Annotated Complaint With Plaintiff's Identity Under Seal

Instead of requiring Plaintiff to reveal her identity publicly, thereby exacerbating the injuries to her, it would be appropriate for the Court to require Plaintiff to file an annotated version of the First Amended Complaint, containing her full name, under seal, pursuant to Fed. R. Civ. P. 5.2(f). Aside from the addition of Plaintiff's full name in the case caption and in the first paragraphs, the proposed sealed First Amended Complaint will not otherwise be modified.

In considering a request to file a complaint under seal, the Court should weigh the competing interests, considering "the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access" and balancing that interest "against the salutary interests served by maintaining confidentiality of the information sought to be sealed. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016), citing *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013). This process would make the allegations fully accessible to the public while simultaneously protecting the record and Plaintiff's legitimate and weighty privacy interests.

Given the sensitive and highly personal nature of the allegations contained within the First Amended Complaint, there is no other way to protect Plaintiff's overriding interest in maintaining privacy, an interest that far outweighs public access to his complete name. Sealing an annotated version of the First Amended Complaint does not conceal from the public the nature of the substantive claims at issue in this lawsuit, nor the factual allegations submitted in support of those claims. Plaintiff's overriding privacy interest in this case would clearly be prejudiced should he be required to file the Complaint with his full name.

**Statement Regarding Defendants' Position**

As noted, undersigned counsel conferred with counsel for Defendants as to the relief requested herein and counsel for all defendants indicated no objection thereto.

WHEREFORE, for the reasons discussed above, Plaintiff respectfully requests leave to proceed using pseudonym and for leave to file an annotated version of the First Amended Complaint containing Plaintiff's full name for the record.

Respectfully submitted,

*/s/ Paul Linnenburger*

_____

PAUL LINNENBURGER
WENDELL LANE
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
Ph:  505.226.7979
paul@attorneyslane.com
wendell@attorneyslane.com

and

MEREDITH M. BAKER, ESQ.
Law Office of Meredith Baker LLC
1209 Aztec Rd. NW
Albuquerque, New Mexico 87107
Ph:  505.697.1900
meredithbaker@meredithbakeresq.com

and

JOHN OSBORN
Law Office of Johnn S.L. Osborn, PC
1011 Lomas Blvd NW
Albuquerque, NM 87102
(505) 948-8646
josborn@jslolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 13th day of February 2024, I filed this pleading electronically through the CM/ECF system, which caused counsel of record for all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


*/s/ Paul Linnenburger*

_____

Paul Linnenburger