IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE 1, JANE DOE 2, and
JANE DOE 3,

      Plaintiffs,

                                                  Case No. 23 CV 01059 GBW/KRS

vs.

NEW MEXICO STATE UNIVERSITY, *et. seq.*,

      Defendants.

**PLAINTIFFS JANE DOE 2 AND JANE DOE 3'S
JOINT MOTION FOR LEAVE TO PROCEED WITH PSUEDONYM AND
TO FILE ANNOTATED COMPLAINT UNDER SEAL**

Plaintiffs Jane Doe 2 and Jane Doe 3, through their attorneys, Paul Linnenburger and Wendell Lane of Lane + Linnenburger + Lane LLP, Meredith Baker of the Law Office of Meredith Baker, LLC, and Johnn Osborn of the Law Office of Johnn SL Osborn PC, hereby submits this request to proceed under pseudonym and to file an annotated Complaint under seal, including the Plaintiffs full names. In support thereof, Plaintiffs states as follows:

**Introduction and Background**

Plaintiffs attended New Mexico State University as students and, at times, as employees thereof. (Doc. 35, ¶¶ 3 and 4). Plaintiffs studied kinesiology and an influential faculty member within that department was Joseph Berning. (Doc. 35, ¶¶ 3, 4, 142, 171-172). Berning acted as Plaintiff's professor, mentor, trainer, and supervisor at various times as part of his role as a faculty member of NMSU. (Doc. 35, ¶¶ 141-143, 171-179, 187-201). The Complaint alleges that, during and in relation to these roles, Berning harassed, abused, and assaulted Plaintiffs in manners including sexual. (Doc. 35, ¶¶ 149-170, 201-207, 242-264). Further, the Complaint alleges retaliation as to Plaintiff Jane Doe 2 from various defendants and NMSU representatives for

speaking in an investigation into the conduct of Berning as to Plaintiff Jane Doe 1, (Doc. 35, ¶¶ 3, 255-272) and retaliatory concealment efforts by certain Defendants as to Jane Doe 3. (Doc. 35, ¶¶ 232-240).

Plaintiffs allege claims for constitutional violations arising out of this sexual harassment, abuse, and assault. Plaintiffs seek to file the initial action utilizing pseudonyms, Jane Doe 2 and Jane Doe 3, due to the extremely sensitive nature of the matter and the potential for additional harm. Although Plaintiffs are forced to proceed in this action as there is no other adequate remedy available, this cause of action is uniquely private and personal.

## Background History

This Second Amended Complaint raises similar allegations and claims as to Plaintiffs Jane Doe 2 and Jane Doe 3 concerning harassment, abuse, and assault committed by Joseph Berning, a professor at NMSU as those raised by Plaintiff Jane Doe 1 originally. There is no meaningful difference, just additional victims of the abuse and harassment have come forward to enforce their rights. Previously, all Defendants agreed to use of a "Jane Doe" pseudonym for the original Plaintiff (Jane Doe 1) in public pleadings in this matter.

Plaintiffs Jane Doe 2 and Jane Doe 3 both continue to reside and work in Las Cruces. Jane Doe 2 remains a student at NMSU and her academic advancement hinges on representatives of NMSU, including within departments discussed in this lawsuit. Jane Doe 3 serves the community as a local educator in Las Cruces. Both Plaintiffs Jane Doe 2 and Jane Doe 3 continue to have personal and professional relationships with people affiliated with NMSU that are potentially subject to disruption if their identities are publicly revealed.

## Argument

Plaintiffs submit this Court should permit them to utilize the pseudonyms "Jane Doe 2"

and "Jane Doe 3" at this juncture because the allegations of abuse occurred while Plaintiffs were young and the details involve discussions of deeply personal issues, just as they did for the original Plaintiff, Jane Doe 1. Under these circumstances, as they do with Plaintiff Jane Doe 1, both the public interest and the privacy interests of Plaintiffs Jane Doe 2 and Jane Doe 3 weigh in favor of public anonymity at this time.

Although in general terms Fed. R. Civ. P. 10 suggests a plaintiff prosecute claims under their name, the use of a pseudonym is warranted in the existence of exceptional circumstances. *Doe v. Eastern New Mexico University Bd. of Regents*, No. 23-cv-0362-GBW-JHR, 2024 WL 36060, at * 3 (D.N.M. Jan. 3, 2024) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)); *Doe v. Sisters of Saint Francis of Colorado Springs*, Nos. 20-cv-00907-WJ-LF, 20-cv-00908-WJ-LF, 20-cv-00909-WJ-LF, 2021 WL 664006, at * 2 (D.N.M. Feb. 19, 2021) (Johnson, C.J.); *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 466 (E.D. Penn. 1997) (noting that the "overwhelming majority of jurisdictions to consider this question have determined that parties may proceed in pseudonym under particular circumstances," and that "nothing in the [Federal Rules of Civil Procedure] or the Advisory Committee Notes to the Rules indicates that the drafters were attempting to promulgate a rule that neither a civil defendant nor civil plaintiff ever could proceed in pseudonym."). Such exceptional circumstances exist in cases involving "matters of highly sensitive and personal nature," *id.*, "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. ENMU*, 2024 WL 36060, at * 3. The Tenth Circuit has noted that a "plaintiff seeking to proceed under a pseudonym must typically show that disclosure of his identity in the public record would reveal highly sensitive and personal information that would result in a social stigma or the threat of real and imminent physical harm." *Raiser v. Brigham Young University*, 127 F. Appx 409, 411 (10th Cir. 2005) (unreported) (citing

3

*Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

In determining to permit a plaintiff to proceed through a pseudonym, the Court should weigh the plaintiff's privacy interests against the public interest, including the public interest in open proceedings. *Sisters of Saint Francis*, 2021 WL 664006, at *2. Analogous to Jane Doe 1, such a weighing here strongly supports Plaintiffs' request to proceed as "Jane Doe 2 and Jane Doe 3."

      A.      <u>Unique Privacy Interests Associated with Allegations of Sexual Abuse and Assault</u>

There can be no doubt that allegations of sexual abuse by persons in positions of trust and authority are highly sensitive and personal matters. *See ENMU*, 2024 WL 36060, at *3. In *Doe v. Diocese Corp.*, 647 A.2d 1067 (Conn. 1994), the Connecticut Supreme Court noted:

> One's sexual history and practices are among the most intimate aspects of a person's life. When one has a sexual history falling outside the realm of the "conventional," that privacy interest is enhanced greatly, whether one has created that history voluntarily or it is forced upon a person as a result of abuse.

*Id.* at 1072.

The Court further explained that:

> A party should not have to lose the right to protect his or her privacy interest because that party has used the courts to secure the only relief—monetary damages—that might be appropriate or available. This is especially so when the claimed injury is not related to economic loss but involves claims of personal and psychological suffering that has occurred in the past and is not amenable to injunctive or other equitable relief.

*Id.* Here, Plaintiffs have no other means of obtaining relief as to the allegations of significant misconduct directed at them as vulnerable young women.

As a result, numerous cases in this District, Circuit, and state, as well as elsewhere have permitted plaintiffs to proceed under pseudonym for that reason. For example, in *Doe v. Boulder Valley School District No. RE-2*, 2011 WL 3820781 (D. Colo., Aug. 30, 2011), the U.S. District

4

Court for the District of Colorado allowed three victims of sexual abuse to proceed using pseudonyms and observed that "allegations of sexual misconduct and unlawful sexual contact involve intensely personal issues," and the "possible injury to the plaintiffs rises far above the level of mere embarrassment or harm to reputation" and "may exacerbate the distress and emotional hardship" already suffered. *Id.* at *2. Moreover, it is common in the United States District Court for the District of New Mexico for plaintiffs to be permitted to proceed without being publicly identified on court filings in cases involving similar allegations (including the original Plaintiff in this very case. *See e.g., K.S. v. Santa Fe Public Schools, et. al.*, No. 1:14-cv-00385-SCY-LF; *Doe et. al. v. Espanola Public Schools, et. al.*, No. 1:17-cv-00917-KK-LF; *Doe v. The Espanola Public Schools*, *et. al.*, No. 1:20-cv-00546-GBW-JFR; *Doe v. Santa Fe Public Schools*, 1:23-cv-01025-GBW-JFR.

State courts in New Mexico also regularly permit plaintiffs to proceed using pseudonyms in similar cases. *See generally Jane Doe v. Victor Villarreal et al.*, State of New Mexico First Judicial District Court Case No. D-101-CV-2017-01017; *Doe v. Archdiocese of Santa Fe,* State of New Mexico Second Judicial District Court Case Nos. D-202-CV-2016-01289; D-202-CV-2016-02939; D-202-CV-2016-4803; D-202-CV-2016-7012; D-202-CV-2016-7016; D-202-CV-2017-0492; D-202-CV-2017-02954; D-202-CV-2014-05430; *Does I through III v. Roman Catholic Church of the Arch Diocese of Santa Fe, Inc.*, 1996-NMCA-094, 122 N.M. 307, 924 P.2d 273 (opinion does not discuss use of pseudonyms).

This practice extends to adult plaintiffs, including plaintiffs more advanced in age than the Plaintiffs here. *Sisters of St. Francis*, 2021 WL 664006 (addressing plaintiffs in their 50's and 60's). As in *Sisters of St. Francis*, "despite the passage of time," the claims here require Plaintiffs to disclose facts surrounding alleged sexual harassment, abuse and assault during their early

5

"adulthood", events which Plaintiffs' complaint sets forth remain with Plaintiffs through psychological and emotional damage. *Id.*

Furthermore, just as in *Sisters of St. Francis*, the claims in this case and proof of damages related thereto will necessitate Plaintiffs disclosing additional sensitive issues, such as sexual dysfunctions and issues with sexual self-concept and other psychological struggles arising from the alleged abuse. This lawsuit will most likely contain highly sensitive disclosures at all stages, and thus Plaintiffs' privacy interests are significant. *Sisters of St. Francis*, 2021 WL 664006, at 3.

In this manner, the nature of these claims and the associated limitations for plaintiffs seeking relief therefor carry extraordinary privacy concerns not present in other litigation:

> One's sexual history and practices are among the most intimate aspects of a person's life. When one has a sexual history falling outside the realm of the "conventional," that privacy interest is enhanced greatly, whether one has created that history voluntarily or it is forced upon a person as a result of abuse….
>
> A party should not have to lose the right to protect his or her privacy interest because that party has used the courts to secure the only relief—monetary damages—that might be appropriate or available. This is especially so when the claimed injury is not related to economic loss but involves claims of personal and psychological suffering that has occurred in the past and is not amenable to injunctive or other equitable relief.

*Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994).

The privacy interests of Plaintiffs are extreme, and this weighs heavily in favor of permitting Plaintiffs to remain anonymous to the general public.

      B.    <u>Risks of Incurring Injury Sought to Redress Supports Public Anonymity</u>

An additional exceptional circumstance for use of a pseudonym may exist where the injury litigated against would result from disclosing a plaintiff's identity. *ENMU*, 2024 WL 36060, at *4 (citing *Femedeer*, 227 F.3d at 1246). There is a strong public policy promoting leave to proceed in cases of this nature under pseudonym because protecting the privacy of victims of such

harassment, abuse and assault encourages others to report such misconduct and avoids the risk of exacerbating the psychological harm suffered by victims. *Id.* (quoting *Doe v. Farmington Mun. Sch.*, No. 21-cv-1030-SCY-KK, 2021 WL 1390777 (D.N.M. Apr. 13, 2021). Based on recent reporting, it appears abusive conduct and sexual misconduct are an ongoing issue within institutions of higher education in New Mexico, specifically NMSU, as well as across the nation (as evidenced by legal action surrounding extensive sexual misconduct within the Michigan State University, the University of Michigan, and the University of California systems). This highlights the importance of protecting Plaintiffs' privacy interests lest this Court risk providing disincentive to victims to come forward. *See UNMU*, 2024 WL 36060, at *3 (noting "public interest in allowing [survivors] to disclose sexual abuse without fear of reprisal also favors anonymity.").

Furthermore, both Jane Doe 2 and Jane Doe 3 continue to reside in clos-knit Dona Ana County. Because Jane Doe 2 continues to study at and is employed by NMSU and because Jane Doe 3 is a local educator, there is significant risk that disclosing their names publicly at this juncture will adversely impact their personal and professional relationships, their immediate futures, and potentially their long-term future – similar harms to those which they seek to address in this suit.

        D.      <u>Consideration of Public Interest Supports Plaintiff's Requested Use Pseudonym</u>

Plaintiffs acknowledge a public interest in open proceedings, but submits that here, an appropriate openness is still achieved if they proceed in this matter as "Jane Doe 2" and "Jane Doe 3." As noted previously, it is important to encourage survivors to come forward by protecting their privacy. Moreover, Defendants currently are aware of the identities of all Plaintiffs and, to the extent Defendants are unaware, they will be provided with Plaintiff's full identities and Plaintiffs will participate in the discovery process fully. (Plaintiffs note that counsel for the defendants were

specifically notified of the identity of both Jane Doe 2 and Jane Doe 3.) Defendants therefore may continue to investigate and defend against the claims unencumbered. Further, while Plaintiff Jane Doe 2 in particular maintains connection to New Mexico State University, Defendant Berning is no longer an educator at New Mexico State University, nor, upon information and belief, a resident of Las Cruces or New Mexico.

Under the circumstances, as Magistrate Judge Jerry H. Ritter noted in *ENMU*, "pseudonymity is the least imposition on the public's ability to view the case while accounting for Plaintiff['s] privacy." *ENMU*, 2021 WL 36060, at *5. A balance of the factors supports Plaintiffs proceeding under the pseudonyms "Jane Doe 2" and "Jane Doe 3" during pretrial proceedings.

**Request to File Annotated Complaint With Plaintiffs' Identities Under Seal**

Instead of requiring Plaintiffs to reveal their identity publicly, thereby exacerbating the injuries to them, it would be appropriate for the Court to require Plaintiffs to file an annotated version of the Complaint, containing their full names, under seal, pursuant to Fed. R. Civ. P. 5.2(f). Aside from the addition of Plaintiffs' full names in the case caption and in the first paragraphs, the proposed sealed Complaint will not otherwise be modified.

In considering a request to file a complaint under seal, the Court should weigh the competing interests, considering "the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access" and balancing that interest "against the salutary interests served by maintaining confidentiality of the information sought to be sealed. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016), citing *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013). This process would make the allegations fully accessible to the public while simultaneously protecting the record and Plaintiffs' legitimate and weighty privacy interests.

Given the sensitive and highly personal nature of the allegations contained within the Complaint, there is no other way to protect Plaintiffs' overriding interest in maintaining privacy, an interest that far outweighs public access to his complete name. Sealing an annotated version of the Complaint does not conceal from the public the nature of the substantive claims at issue in this lawsuit, nor the factual allegations submitted in support of those claims. Plaintiffs' overriding privacy interest in this case would clearly be prejudiced should he be required to file the Complaint with their full names.

## Statement Regarding Defendants' Position

Counsel for Plaintiffs sought the position of counsel for Defendants as to the request that Plaintiffs Jane Doe 2 and Jane Doe 3 proceed under pseudonym in the exact same manner as Plaintiff Jane Doe 1. Although no Defendant raised an objection as to the same request previously brought by Plaintiff Jane Doe 1, which was granted by Order entered February 20, 2024 (Doc. 20), counsel for the institutional Defendants objects to the same relief as to Plaintiffs Jane Doe 2 and Jane Doe 3.

Counsel for Plaintiffs contacted counsel for Defendants Berning and Carson in their private capacities, but as of the filing of this Motion has not yet determined the position of said Defendants as to the relief requested herein. Counsel for Plaintiffs notes that Plaintiff Jane Doe 1 obtained an order permitting the same pseudonym status and processes requested here without opposition.

WHEREFORE, for the reasons discussed above, Plaintiffs Jane Doe 1 and Jane Doe 2 respectfully request leave to proceed using pseudonyms and for leave to file an annotated version of the Complaint containing Plaintiffs' full names for the record.

Respectfully submitted,

*/s/ Paul Linnenburger*

PAUL LINNENBURGER
WENDELL LANE
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, New Mexico 87197
Ph:  505.226.7979
paul@attorneyslane.com
wendell@attorneyslane.com

and

MEREDITH M. BAKER, ESQ.
Law Office of Meredith Baker LLC
1209 Aztec Rd. NW
Albuquerque, New Mexico 87107
Ph:  505.697.1900
meredithbaker@meredithbakeresq.com

and

JOHNN OSBORN
Law Office of Johnn S.L. Osborn, PC
1011 Lomas Blvd NW
Albuquerque, NM 87102
(505) 948-8646
josborn@jslolaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of May 2024, I filed this pleading electronically through the CM/ECF system, which caused counsel of record for all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Paul Linnenburger*

Paul Linnenburger