IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEVA WILLIAMS, JANE DOE 2,**
and **JANE DOE 3,**

    Plaintiffs,

vs.                                                                                  Case No. 23-CV-01059 GBW/KRS

**NEW MEXICO STATE UNIVERSITY,**
**NEW MEXICO STATE UNIVERSITY BOARD OF REGENTS,**
**JOSEPH BERNING, CAROLE CARSON,**
**ROBERT WOOD, PHILLIP POST,**
**MICHAEL MOREHEAD, LAURA CASTILLE,**
**HENRIETTA PICHON, YOSHITA IWASAKI,**
**GERARD NEVAREZ, DON POPE-DAVIS,**
**SUSAN BROWN** and **JOHN DOES** 1 through 5,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** came before the Court for consideration of Defendants' Unopposed Motion for Entry of Stipulated Confidentiality Order. Pursuant to this unopposed request and Fed. R. Civ. P. 26(c), and based on the reasonable limitations on the categories of documents or materials that may be designated as confidential, the reasonable limitations on persons who are bound by the provisions, and the protections afforded to any new Parties to this litigation, the Court finds that there is good cause to grant the Defendants' Unopposed Motion Parties' Motion for Entry of Stipulated Confidentiality Order.

      **IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

      1.    The parties are subject to several state and federal laws, regulations and policies regarding the confidentiality of records and files in their possession and under their control,

including employment records, educational records, medical and mental healthcare records and records relating to other employees and students who may be witnesses in this matter. Counsel for all parties may have interest in these records and files.

2. As used in this Order, "Confidential Materials" or "Confidential Information" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. Further, the Parties may not designate as "Confidential" a document or exhibit that would be considered a "Public Record" as defined by the New Mexico Inspection of Public Records Act ("IPRA"), unless an IPRA exception applies. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that counsel in good faith believes merits protection.

3. Otherwise confidential and privileged records documenting medical, psychological and educational condition and care may be potential subjects for discovery in this case.

4. Otherwise confidential and privileged records documenting Defendants' employment and healthcare may be potential subjects for discovery in this case.

5. During the course of discovery in this case, confidential and privileged information relating to non-parties, including minor students, may become relevant or otherwise discoverable.

6. The parties intend to protect privacy and confidentiality of such materials to the extent permitted under law, but to also recognize that all potential issues of confidentiality and privilege cannot be anticipated or completely foreseen at the initiation of litigation and an order

guiding the parties is appropriate to enable discovery without violating or infringing on any party or non-party's interest in confidentiality.

7. The following documents and information contained in said documents (hereinafter "Confidential Information"), which may be produced as described below, shall be kept confidential and shall be utilized by the parties for purposes solely related to this lawsuit, including but not limited to discovery, depositions, motions practice, mediation or trial, as stated below:

    a. All medical and psychological records; and

    b. All documents containing Protected Health Information ("PHI"), as defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 104-191, 45 CFR Parts 160 and 64 and the HITECH Act.

8. If any party produces information relating to students or former students of New Mexico State University, any and all student identifying and other information protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. Section 1232g ("FERPA") and/or Title IX of the Education Amendments of 1972 ("Title IX") is also deemed confidential information subject to the terms of this Stipulated Confidentiality Order.

9. If any party produces information relating to employees or former employees of New Mexico State University, any personal identifying information, letters of reference, matters of personal opinion bearing on internal evaluations, disciplinary reports or documentation, promotion, demotion or termination and performance assessments are also deemed confidential information subject to the terms of this Stipulated Confidentiality Order.

10. The parties shall utilize the following procedure to identify documents and/or information as Confidential Information and protect Confidential Information from disclosure to any third party:

 a. Any party disclosing information or materials may, at any time prior or subsequent to disclosure, identify and mark material as "Confidential," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notion on the material itself or in a letter accompanying the disclosure of the material. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

 b. All Confidential Information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

 c. Confidential Information used during depositions shall be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential Information marked as deposition exhibits must be clearly marked as "Confidential" before those exhibits are included in any official transcription or record.

 d. The parties stipulate that nothing in this Stipulated Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Stipulated Confidentiality Order.

11. Attorneys for the parties shall only distribute or disclose Confidential Information to the following persons: (1) the parties, judge and jury; (2) legal counsel representing the parties

in this action (including their paralegals, administrative assistants, law clerks and other law office support staff); (3) the Court and the Court's employees, including administrative assistants and court reporters; (4) expert witnesses retained by any party in relation to this lawsuit; (5) court reporters and videographers involved in the taking of any depositions, including any employees thereof; and (6) any fact witness that is called to testify at a deposition by oral examination or at trial. All persons to whom Confidential Information is disclosed, as outlined above, shall be bound by the terms of this Stipulated Confidentiality Order.

12. Parties to the lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information, but may review such documents as is necessary in this case, provided that any such document review shall be limited to the parties themselves and further provided that any such documents reviewed (or copies thereof) shall be promptly destroyed or returned to their respective attorneys at the conclusion of this case. The parties will not permit any person not identified above in Paragraph 10 to inspect, examine, copy or replicate any Confidential Information. The parties will not disclose any Confidential Information to any person not identified in Paragraph 10 at any time, except by order of the Court. Attorneys for the parties agree that they and their employees will utilize Confidential Information only for purposes related to this lawsuit, and that they shall otherwise maintain the confidentiality of documents and information deemed Confidential Information.

13. In the event any party requires a fact or expert witness to review Confidential Information, the party's attorney seeking such review shall instruct the witness about the contents of this Order, and the witness shall sign a copy of this Order agreeing to be bound by its terms. In the event a fact witness refuses to sign a copy of this Order, the parties shall so inform the Court.

14. Confidential Information about nonparties to this lawsuit contained in exhibits to motions filed in this action shall be filed under seal and Confidential Information about nonparties contained in exhibits to depositions shall be sealed. Notwithstanding such sealing, portions of the depositions that do not contain confidential information shall not be sealed.

15. If any party produces any document which contains PHI, as defined and used in the HIPAA, or student identifying information, the Party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a party to this lawsuit. If a party (a) chooses to produce Confidential Information that contains PHI, (b) is required to produce Confidential Information that contains PHI, or (c) otherwise uses Confidential Information that contains PHI, this Confidentiality Order shall be considered a "Qualified Protective Order," as permitted under 45 CFR §§ 164.512(e)(1)(ii) and (v). Therefore, the party producing any documentation containing PHI is hereby relieved of the requirement to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed. *See* 45 CFR § 164.512(e)(1)(ii)(A).

16. Upon conclusion of the lawsuit, the provisions of this Order shall continue to be binding. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Court Order. All Confidential Information including but not limited to, PHI subject to HIPPA and/or the Health Information Technology for Economic and Clinical Health (HITECH) Act[1], including all copies, must either be returned to the providing party or if returning that information would be unreasonable, destroyed and certified to the providing party

---

[1] The HITECH Act was enacted as part of the American Recovery and Reinvestment Act of 2009, at Pub. L. No. 111-5, Title XIII, 123 Stat. 115 (2009). The HITECH Act is codified in scattered sections of title 42 of the United States Code.

as destroyed within thirty (30) days of the conclusion of this lawsuit, and any subsequent appeal, if any, as provided in 45 C.F.R. §164.512(e)(1)(v).

17. Inadvertent failure to designate any document or information that the producing party later determines should have been designated as "Confidential" shall not be deemed a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, treat such material as Confidential Information in accordance with this Stipulated Confidentiality Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Information shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Confidentiality Order; (2) affix appropriate legends to the Confidential Information as provided herein; and (3) prevent further use or disclosure of the documents or information contained in the previously undesignated Confidential Information by or to persons other than those so authorized herein.

18. Inadvertent production of documents or information that a party contends is subject to work product immunity or the attorney-client privilege ("Privileged Information") shall not constitute a waiver of a claim of immunity or privilege, provided that the producing party shall notify the receiving party of such inadvertent production no later than promptly after the producing party discovers the disclosure. Inadvertently produced Privileged Information shall be returned to the producing party upon request, and the receiving party shall destroy all copies thereof, including electronic copies, as well as all notes, memoranda or other documents that summarize, discuss or quote the documents or information. No use shall be made of such Privileged Information during deposition or at trial, nor shall they be shown to anyone who has not already been given access to

them after the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within thirty (30) days after a request for return or destruction of such materials is denied, the producing party may, within thirty (30) days thereafter, petition the Court to resolve the matter. The receiving party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession before the receipt of notification from the producing party, until the expiration of the thirty (30) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Stipulated Confidentiality Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

19. Any party disclosing confidential materials pursuant to this order to opposing counsel shall be presumed to be acting in good faith and under the protections of this Order, and shall be immune from liability for compliance with this Court Order.

20. Prior to trial, the parties shall confer and discuss methods for preserving confidentiality as may be appropriate during the open proceedings of trial, and shall approach the Court for resolution of any such issues.

21. Any hospital, treatment provider, caretaker, professional, records custodian, school, institution, person or entity who/that, in good faith and reasonably relies upon this Order to produce materials and records to any party pursuant to this Order shall be immune from claims relating to their good faith reliance on this Order.

22.     It shall be the responsibility of the parties' attorneys to employ measures to control, consistent with this Order, duplication of, access to, and distribution of copied materials.

23.     This Order shall not be construed as a waiver by any party of any objection the party might have regarding the production, admissibility or use of any Confidential Information or Privileged Information produced in the course of litigation of the lawsuit. If any party disputes the designation of any document as Confidential Information or Privileged Information, such party may bring the issue to the Court's attention, either by motion or, if all parties agree, pursuant to an informal telephonic status conference with the assigned judge overseeing discovery matters, for a decision on whether such document or information contained therein constitutes Confidential Information or Privileged Information subject to the terms of this Order. However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court. Any dispute as to whether a document and/or its contents is Confidential Information or Privileged Information shall be kept confidential pursuant to the terms of this Order until, and unless, the Court rules otherwise.

**IT IS SO ORDERED.**

_____
The Honorable Kevin R. Sweazea
United States Magistrate Judge

**Respectfully submitted by:**

/s/ Samuel C. DeFillippo
Luis Robles
Samuel C. DeFillippo
Robles, Rael & Anaya, P.C.
Attorneys for NMSU Defendants
20 First Plaza Ctr. NW, Suite 500
Albuquerque, New Mexico 87102

(505) 242-2228
(505) 242-1106 (facsimile)
luis@roblesrael.com
chris@roblesrael.com

**Approved By:**

/s/ Paul Linnenberger
Paul Linnenberger
Lane + Linnenburger + Lane LLP
P.O. Box 6622
Albuquerque, NM 87197
(505) 226-7979
paul@attorneyslane.com

Meredith M. Baker, Esq.
Law Office of Meredith Baker LLC
1209 Aztec Rd. NW
Albuquerque, NM 87107
(505) 697-1900
meredithbaker@meredithbakeresq.com

Johnn Osborn
Law Office of Johnn S.L. Osborn, PC
701 Mountain Rd. NE
Albuquerque, NM 87102
(505) 948-8646
josborn@jslolaw.com

*Attorneys for Plaintiff*

and

/s/ Cassandra R. Malone
Benjamin F. Feuchter
Cassandra R. Malone
Jennings Haug Keleher McLeod Waterfall, LLP
201 Third St. NW, Suite 1200
Albuquerque, NM 87102
(505) 346-4646
bf@jhkmlaw.com
crm@jhkmlaw.com

*Attorneys for Defendants Berning and Carson*