IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEVA WILLIAMS *et al.*,

   Plaintiffs,

v.                                               Civ. No. 23-1059 GBW/KRS

NEW MEXICO STATE UNIVERSITY *et al.*,

   Defendants.

## ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion to Amend Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), and/or in the Alternative, for Reconsideration of Request for Certification.  *Doc. 141*.  For the following reasons the motion is DENIED.

    **I.**    **Background**

Plaintiff Neva Williams filed this action on June 30, 2022, and Plaintiffs Jane Doe 2 and Jane Doe 3 filed suit on April 18, 2024.  *See doc. 111-1*; Civ. No. 24-371 GJF/GBW, *doc. 1*.  The claims were consolidated.  *Doc. 35*.  All three plaintiffs allege various federal and state claims against New Mexico Statute University (NMSU) and its employees based on their sexual abuse by professor Joseph Berning.

Defendants filed a motion for partial summary judgment on August 28, 2024.

*Doc. 69*. After reviewing the briefs, hearing oral argument, and ordering supplemental briefing from both parties, the Court issued a Memorandum Opinion and Order on July 31, 2025, granting the motion in part and denying it in part. *Doc. 138*. Relevant to this motion to certify, the order granted summary judgment on all claims under the New Mexico Civil Rights Act (NMCRA) except those based on retaliation against Jane Doe 2. *Id*. at 43. The Court found that all other claims under the NMCRA were untimely because the statute provides that "[c]laims arising solely from acts or omissions that occurred prior to July 1, 2021, may not be brought pursuant to the New Mexico Civil Rights Act." NMSA § 41-4A-12.

Plaintiffs now request certification for interlocutory appeal or, in the alternative, reconsideration of the ruling. *See generally doc. 141*. The proposed "Issues for Certification" are as follows:

> (1)   Whether the equal protection clause and equal rights clause of the New Mexico Constitution, N.M. Const. art. II, § 18, and the provision in the Constitution guaranteeing the ability to seek and obtain safety and happiness, N.M. Cons. Art. II, § 4, protect women in New Mexico from governmental actions and omissions to conceal discriminatory practices from review.
>
> (2)   Whether a systemic sexually discriminatory environment within a public entity violates the equal protection and equal rights clauses embodied within N.M. Const. art. II, § 18 for members of the protected class so as to provide relief to all affected members of the protected class under the New Mexico Civil Rights Act (NMCRA) provided that the sexually discriminatory environment was implemented, enforced, or otherwise remained in existence after the enactment of the New Mexico Civil Rights Act.

> (3)    Whether the New Mexico Bill of Rights provisions of N.M. Const. art. II, §§ 2, 3 and 4 encompass an inherent right to the honest services of government.
>
> (4)    In the alternative, when there is no guidance from New Mexico courts on these issues, should a federal court remand and/or certify to the New Mexico courts questions as to the contours of the New Mexico Civil Rights Act, a newly formulated statute permitting claims under New Mexico law for violations of any provision of the New Mexico Bill of Rights, and related provisions of the New Mexico Bill of Rights for determination of the same novel issues of state constitutional law.

*Id.* at 2–3.

## II.    Legal Standard

Plaintiffs request amendment of the summary judgment order to include a certificate of appealability under § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  "A 'controlling question of law' as used in § 1292(b), means a pure question of law requiring the resolution of 'abstract' legal issues; it is not the application of a legal question to the particular facts of the case." *In re Semgroup Energy Partners, L.P., Secs. Litig.*, 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010) (quoting *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000)).  Substantial ground for difference of opinion exists, inter alia, "if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign

3

law, or if novel and difficult questions of first impression are presented." *Dorato v. Smith*, 163 F. Supp. 3d 837, 880 (D.N.M. 2015) (quoting 2 Fed. Proc., L. Ed. § 3:218). Certification under § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *Utah By & Through Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958)).

District courts have discretion in deciding whether to certify interlocutory orders for appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). However, interlocutory review is reserved for "exceptional" cases, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citation omitted), and interlocutory appeals are "traditionally disfavored," *Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012) (quoting *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009)).

**III.   Analysis**

As an initial matter, the Court notes the proposed issues for certification are too general to resolve the claims at issue on summary judgment. For example, answering the abstract legal question whether New Mexico's Bill of Rights "encompass[es] an inherent right to the honest services of government," *doc. 141* at 2, would not resolve how the law should apply to the facts of this case. Whether the New Mexico Constitution "protect[s] women in New Mexico from governmental actions and

4

omissions to conceal discriminatory practices from review," *id.*, is obviously fact-dependent. However, the Court acknowledges Plaintiffs' willingness to narrow the language as appropriate and will review each proposed issue in turn. *See doc. 147* at 2 n.1.

    A. <u>Concealment of Discriminatory Practices</u>

The first issue identified by Plaintiffs is "whether the equal protection and equal rights guaranteed under art. II, § 18 encompass a right to be free of deceitful coverup of reports of sexual discrimination by government actors." *Doc. 141* at 14. They request certification of the "legal theory that official coverup of constitutional violations is itself a further violation under New Mexico constitutional law." *Id*. at 5. As the Court has previously explained, *see doc. 138* at 40, cancellation of the Title IX hearing and retaliation against Jane Doe 2 are the only specific acts or omissions alleged to have occurred after July 21, 2021. The Court found that Plaintiffs' allegations of "governmental dishonesty and coverup" associated with the Title IX hearing were unsupported by evidence. *See id*. at 30–34. With respect to Plaintiffs' NMCRA claims, the Court found no plausible violation of Plaintiffs' state constitutional rights based on the cancellation of the Title IX hearing or NMSU's adherence to particular administrative grievance procedures.[1] *Id*. at 41–42. To the extent Plaintiffs characterize

---

[1] Plaintiffs argue they "did not assert a right to a Title IX hearing" on summary judgment, but rather a "right to governmental response to discrimination to not include concealing of the discrimination through efforts to include dishonest representations as to their knowledge of discrimination and

5

retaliation against Jane Doe 2 as a "coverup," that claim survives and there is nothing to certify. To the extent Plaintiffs argue the retaliation was part of a continuing violation, that is a separate issue to be addressed in the next section. In short, while an "official coverup" of constitutional violations might well support a NMCRA claim under some circumstances, the Court did not find evidence of an "official coverup" after July 21, 2021, sufficient to present a genuine issue of material fact. The Court therefore finds no ground for substantial difference of opinion and declines to certify an interlocutory appeal on this basis.

    B. <u>Continuing Violation Doctrine</u>

Plaintiffs next ask the Court to certify the issue of whether a state-specific continuing violation doctrine applies to their NMCRA claims. Plaintiffs assert a continuing course of conduct by Defendants that includes "condoning the sexual harassment of Joseph Berning, efforts to silence women who initiated or participated in

---

retaliation against reporters of discrimination." *Doc. 147* at 3. Plaintiffs argued on summary judgment that the cancellation of the Title IX hearing violated their rights. *See doc. 94* at 31 (asserting "a continuing violation to include the deceitful manner in which the Title IX proceedings were dismissed"). It was likewise alleged in the Second Amended Complaint. *See doc. 35* at ¶ 373 ("This recklessness and deliberate indifference included the handling of the Title IX proceedings discussed above, including dismissal of the same . . . ."). As discussed in the order, Plaintiffs did not identify evidence of "dishonest representations" in the Title IX proceedings to support their claims, nor did they establish a freestanding right to a Title IX hearing. Plaintiffs continue to assert that "the rules mandated a hearing," *doc. 147* at 5, though they do not explain this argument or request certification or reconsideration of the Title IX claim. In fact, they admit that NMSU was "permitted to dismiss a complaint if the respondent was *actually* no longer employed," although they claim NMSU was "required to provide written notice of the dismissal and reasons therefor to the complaint." *Id.* at 6 (emphasis in original). Both of these points—to the extent they were raised on summary judgment—were addressed in the order. *See doc. 138* at 31–34. Lastly, the Court notes that its decision on summary judgment did not reference or rely on a theory of preemption. Arguments to that effect are therefore immaterial.

investigations and abusing the OIE office to protect the university from liability." *Doc. 147* at 8. They contend this same continuing course included retaliation against Jane Doe 2, the only action alleged after July 21, 2021, that could plausibly sustain a NMCRA claim.

Plaintiffs urge that the New Mexico Constitution provides greater protections than federal law but do not articulate how those greater protections affect the continuing violation analysis. In fact, Plaintiffs appear to suggest applying a version of the continuing violation doctrine that is functionally identical to the federal doctrine. *See doc. 141* at 13–14. Applicability of the continuing violation doctrine to Plaintiffs' federal claims was thoroughly analyzed and discussed in the summary judgment order. The Court determined that the alleged retaliation against Jane Doe 2 did not form part of the same unlawful employment practice as the other wrongdoing alleged by Plaintiffs, and therefore continuing violation doctrine did not apply. *Doc. 138* at 36–38. The same considerations apply to Plaintiffs' NMCRA claims.

Plaintiffs also contend that "the Order does not discuss retaliation against Jane Doe 2 in the context of a continuing violation analysis under New Mexico Constitutional claims." *Doc. 147* at 8. On summary judgment, Plaintiffs made the following argument with respect to continuing violation and their NMCRA claims: "As noted above, the Plaintiffs have created genuine facts as to a continuing course of conduct that permits a reasonable jury to determine a portion of the violation occurred

7

after July 1, 2021." *Doc. 94* at 31.  The arguments "above" related to Plaintiffs' federal § 1983 claims and Plaintiffs' brief made no distinction between the two legal analyses.  The Court's continuing violation analysis was therefore intended to apply to all of Plaintiffs' claims.[2]  For all the reasons stated in the summary judgment order, the Court does not find there is a substantial ground for difference of opinion on the continuing violation doctrine as it applies to Plaintiffs' claims.

### C. Right to "Honest Services of Government"

The final substantive issue Plaintiffs ask to certify is whether art. II, §§ 2–4 of the New Mexico Bill of Rights "encompass[ an] inherent right to the honest services of government." *Doc. 141* at 16.  It would presumably also be necessary to certify the issue of what, exactly, a right to the "honest services of government" entails.  Plaintiffs provide no legal support for their argument that these sections create an actionable right or that such an actionable right would apply in this case, and, as the Court previously determined, there is no evidence of any wrongful or deceitful acts or omissions by Defendants after July 21, 2021, excluding the alleged retaliation against Jane Doe 2.  Plaintiffs' expansive interpretation of these provisions—which would convert the NMCRA into a catch-all claim for virtually any kind of government

---

[2] The Court acknowledges that the summary judgment order could have been more explicit in applying the continuing violation analysis to Plaintiffs' NMCRA claims, although, as Plaintiffs note, that application is obviously implied, *see doc. 147* at 9.  To the extent Plaintiffs believe it is necessary, they may seek an order of clarification in which the Court confirms that the continuing violation analysis applies to both federal and state claims.

wrongdoing—creates a novel question but, as the Court previously found, not a difficult one. *See Dorato,* 163 F. Supp. 3d at 880 (quoting 2 Fed. Proc., L. Ed. § 3:218). Without any existing legal support for Plaintiffs' interpretation or any specific, non-conclusory argument about why these general rights would apply to the particular facts of their case, the Court finds no substantial ground for difference of opinion and will not certify the issue for interlocutory appeal.

D. Certification to the New Mexico Supreme Court

In the summary judgment order, the Court declined to certify to the New Mexico Supreme Court the question of whether Defendants' handling of the Title IX proceedings implicated Plaintiffs' state constitutional rights. *Doc. 138* at 41–42. Plaintiffs now ask the Court to certify for interlocutory appeal the question of whether a federal court must certify questions of first impression arising under relatively new state statutes. *Doc. 141* at 17. As set out in the summary judgment order, the law regarding certification to the state court is well-settled and the Court finds there is no need for interlocutory guidance. Although Plaintiffs may disagree with the Court's application of the legal standard to the particular facts of this case, *see In re Semgroup*, 729 F. Supp. 2d at 1312 (quoting *Ahrenholz*, 219 F.3d at 677), there is no substantial ground for difference of opinion about the applicable legal standard.

In the alternative, Plaintiffs ask the Court to reconsider its decision not to certify. Plaintiffs are correct that the Court has "general discretionary authority to review and

9

revise interlocutory rulings prior to entry of final judgment." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)); *see also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 n.3 (D. Kan. 2010) ("A motion to reconsider a partial summary judgment ruling . . . is considered 'an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" (quoting *Fye*, 516 F.3d at 1223 n.2)). In this case, however, the Court finds no cause to invoke its discretionary authority. The arguments that Plaintiffs now present were already carefully considered on summary judgment. The Court reached its decision and declines to revisit it.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), and/or in the Alternative, for Reconsideration of Request for Certification (*doc. 141*) is **DENIED**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**